IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE ROBERT ANDERSON, | ) | CASE NO. 5:10 CV 785 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| FRANCISCO PINEDA, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    Underlying offense, trial, and sentence . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
         1.    The court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
         2.    The Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-
    C.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
         1.    The petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
         2.    The return of the writ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
         3.    Traverse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-
         1.    Fair presentment/exhaustion/procedural default/waiver . . . . . . -12-
         2.    Ineffective assistance of counsel . . . . . . . . . . . . . . . . . . . . . . . . -15-
         3.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-
         1.    Anderson's claim in ground two that he was denied a fair trial
             because of prosecutorial misconduct was procedurally defaulted
             when any objection was waived at trial, thus precluding the Ohio
             appeals court from considering the claim on the merits. . . . . . . -19-
             a.    The claim and findings by the state appeals court . . . . . . -19-
             b.    The arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-
             c.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

2.      Anderson's claim in ground one – that his conviction for felonious assault was not supported by sufficient evidence – should be denied because the state appeals court denying this claim was not an unreasonable application of the clearly established federal law of Jackson v. Virginia.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -26-

3.      Anderson's claim in ground three that his defense counsel was constitutionally ineffective should here be denied since the Ohio court decision adjudicating this claim was not an unreasonable application of Strickland.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -29-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -32-

# Introduction

Before me by referral[1] is the *pro se* petition of Clarence R. Anderson for a writ of

habeas corpus under 28 U.S.C. § 2254.[2]  The State of Ohio has incarcerated Anderson at the

Hocking Correctional Facility in Nelsonville, Ohio.  He is serving a collective sentence of

20 years in prison, imposed in 2007 by the Portage County Court of Common Pleas.  A jury

convicted Anderson on two counts of felonious assault with firearm specifications for each

count.[3]  In his petition, Anderson raised six grounds for relief,[4] but later withdrew three

---

[1] This matter was originally referred to me under Local Rule 72.2 by District Judge Ann Aldrich by non-document order dated April 29, 2010.  Under General Order 2010-12, the case was returned to the Clerk by non-document order dated May 7, 2010, for reassignment after the death of Judge Aldrich.  It was then assigned to District Judge Donald C. Nugent by non-document order on May 7, 2010.  That new assignment did not alter the pre-existing referral to me.

[2] ECF # 1.

[3] *Id.*

[4] *Id.* at 5-10.

grounds in his traverse.[5]  Of the remaining grounds, the State asserts that procedural default of one ground for lack of fair presentment and that the remaining two should be denied on the merits, since the state appeals court decision rejecting those claims was neither an unreasonable application of nor contrary to clearly established federal law.[6]

For the reasons that follow, I recommend finding that Anderson has  procedurally defaulted on his claim in ground two and that this claim should, therefore, be dismissed. I further recommend that all other grounds for relief in Anderson's petition be denied on the merits.

## Facts

### A.    Underlying offense, trial, and sentence

The basic underlying facts as found by the Ohio appeals court on its review of the record[7] describe a chaotic event but are nonetheless relatively straightforward.  Essentially, multiple witnesses testified that Anderson approached a small group that had congregated behind a Streetsboro, Ohio, bar in the early morning hours after closing time to ask for a ride.[8]  After being refused by Daniel Molnar, a member of the group, Anderson came up to

---

[5] ECF # 12 at 11.

[6] ECF # 10 at 9-30.

[7] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court.  28 U.S.C. § 2254(e)(1); *Brumley v. Wigand*, 269 F.3d 629, 637 (6th Cir. 2001).

[8] ECF # 10, Attachment (state court record) at 88 (appeals court opinion).

Aimee Ross, who was also part of the group, as she was entering her car.[9]  Anderson put a gun to her chest and said, "Give me a ride or you die."[10]  Ross also refused to provide a ride, but jumped into her car and yelled to the others that Anderson had a gun.[11]

Hearing this, Molnar, now already in his car, drove it toward Anderson, who was standing alongside Ross's vehicle, in an attempt to hit him.[12]  Anderson, in response, fired two shots at Molnar's oncoming car, with one bullet hitting the windshield.[13]  Molnar's car hit Ross's car, but did not strike Anderson.[14]  However, as he was attempting to run away, Anderson, who is overweight and on disability,[15] was struck by a car driven by yet another member of the group who had seen the shooting and backed his car into Anderson.[16]  Injured as result of being struck by the car, Anderson crawled into a nearby grassy area where he hid until discovered by police.[17]

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at 88-89.

[13] *Id.* at 89.

[14] *Id.*

[15] *See,* ECF # 12 at 2.  In his traverse, Anderson describes himself as weighing 450 pounds, with diabetic trauma to his feet and lower legs, who uses a cane to walk.

[16] ECF # 10, Attachment at 90.

[17] *Id.* at 91.

Anderson was indicted on two counts of felonious assault, with a firearm specification as to each count.[18]  Anderson pleaded not guilty to all charges.[19]  The case proceeded to a jury trial, and the jury found Anderson guilty on all counts.[20]  At a sentencing hearing on December 5, 2007, the trial judge sentenced Anderson to a total of 20 years in prison, which sentence consisted of consecutive terms of seven years each for the two counts of felonious assault, together with consecutive sentences of three years each for the two firearms specifications.[21]

## B.    Direct appeal

### 1.    *The court of appeals*

Anderson, through different counsel,[22] then timely appealed[23] his conviction and sentence.  In his brief,[24] Anderson raised the following seven assignments of error:

---

[18] *Id*. at 1, 3.

[19] *Id*. at 5.

[20] *Id*. at 6, 8.

[21] *Id*. at 10-12.

[22] Anderson was represented at trial by Mark Carfolo, ECF # 9 at Vol. I and II (trial transcripts), at sentencing by  Dennis Lager, ECF # 9 at Vol. III (sentencing hearing), and on appeal by George G. Keith, ECF # 10, Attachment at 46.

[23] As noted, Anderson was sentenced on December 5, 2007.  *Id.* at 11.  He filed a notice of appeal on January 4, 2008.  *Id*. at 13-15.  Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed.  *See also*, *Smith v. Konteh*, 2007 WL 171978, at * 2 (N.D. Ohio Jan. 18, 2007).

[24] ECF # 10, Attachment at 19-47.

1.      The trial court erred on failing to grant Mr. Anderson's motion for judgment of acquittal on all charges, as the evidence presented was not legally sufficient to support a conviction.[25]

2.      The prosecution in this matter engaged in a pervasive pattern of misconduct thoughout (sic) the proceedings which combined to deprive the appellant of his right to a fair trial.[26]

3.      Mr. Anderson was denied his Consstitutional (sic) right as guaranteed by the United States and Ohio constitutions to effective assistance of counsel when his attorney failed to protect Mr. Anderson's rights at trial when Mr. Anderson's trial counsel failed to object to prosecutorial statements concerning crimes with which Mr. Anderson had not been charged.[27]

4.      Mr. Anderson's convictions are against the manifest weight of the evidence.[28]

5.      The trial court erred to the detriment of Mr. Anderson when it imposed sentence upon him without any review or consideration of R. C. 2929.11 and 2929.12.[29]

6.      The trial court erred to the detriment of Mr. Anderson when it failed to merge the firearm specifications for the purpose of sentencing.[30]

7.      The cumulative effect of the errors committed by the trial court and by Mr. Anderson's trial counsel combined to deny Mr. Anderson due process and a fair trial as guaranteed by the United States and Ohio constitutions.[31]

---

[25] *Id*. at 20.

[26] *Id*. at 21.

[27] *Id*.

[28] *Id*. at 22.

[29] *Id*.

[30] *Id.* at 23.

[31] *Id.* at 24.

The State filed a brief in response.[32] On December 8, 2008, the Ohio appeals court found all of Anderson's assignments of error without merit, thereby affirming the conviction and sentence.[33]

## 2.      *The Supreme Court of Ohio*

Anderson, through the same counsel he had on appeal, then timely filed a notice of appeal with the Supreme Court of Ohio.[34]  In his memorandum in support of jurisdiction,[35] Anderson raised six propositions of law:

1.      A person cannot be convicted of "Felonious Assault" pursuant to R.C. 2903.11(A)(2) when he has not knowingly caused or attempted to cause physical harm to another by means of a deadly weapon or ordnance.[36]

2.      It is an improper violation of Defendant's right to a fair trial for a prosecutor to repeatedly refer to allegations of crimes with which the Defendant has not been charged, painting the Defendant as a "serious, hardened criminal."[37]

3.      A defendant in a criminal matter is entitled to competent, effective legal representation.[38]

---

[32] *Id*. at 51-86.

[33] *Id.* at 87-107.

[34] *Id*. at 108-09.  Anderson's notice of appeal with the Ohio Supreme Court was filed on January 22, 2009.  *Id*. at 108.  To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.  *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[35] ECF # 10, Attachment at 110-27.

[36] *Id*. at 111.

[37] *Id*.

[38] *Id*.

-7-

4.   A trial court is required to review and consider R.C. 2929.11 and 2929.12 in imposing sentence.[39]

5.   Firearm specifications must be merged when the Defendant's actions arise out of the same transaction.[40]

6.   The cumulative effect of the errors committed by the Trial Court and by Clarence Anderson's trial counsel combined to deny Mr. Anderson due process and a fair trial as guaranteed by the United States and Ohio Constitutions.[41]

The State filed a memorandum opposing jurisdiction.[42]  On April 22, 2009, the Ohio Supreme Court denied Anderson leave to appeal, dismissing the case for want of any substantial constitutional question.[43]  Anderson did not seek a writ of certiorari from the Supreme Court of the United States.[44]

---

[39] *Id.*

[40] *Id.*

[41] *Id*.

[42] *Id*. at 152-64.

[43] *Id*. at 165.

[44] *See*, ECF # 1 at 3.

## C.    Federal habeas petition

### 1.    *The petition*

Anderson, *pro se*, then timely filed[45] the present petition for federal habeas relief

raising six grounds for relief:

> Ground One:          Anderson was denied due process under the 14th amendment, and Judgement (sic) of Aquital (sic).[46]
>
> Ground Two:          Anderson denied (sic) fair trial based on prosecutional (sic) misconduct in violation of 14th  Amand. (sic) U.S. Constitution.[47]
>
> Ground Three:       A Defendant in a criminal matter is entitled to competent effective legal respresentation (sic).[48]
>
> Ground Four:         Mr.  Anderson's  sentence  of  20-years  (sic) is unconstitutional under OHIO (sic) constitution and U.S. constitution.[49]

---

[45] The petition was docketed at this Court on April 15, 2009, ECF # 1 at 1, which, as noted, is within one year of the decision of the Ohio Supreme Court denying Anderson leave to appeal.  Thus, even without determining when Anderson signed the petition and placed it in the prison mail system (*see*, *e.g.*, *id*. at 15, which shows that Anderson signed the civil cover sheet on March 29, 2009), or affording Anderson 90 days for seeking a writ of certiorari, regardless of whether he actually did so, *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000), this petition was filed within the one-year limitations period set by 28 U.S.C. § 2254(d)(1).

[46] ECF # 1 at 5.

[47] *Id*. at 6.

[48] *Id.* at 8.

[49] *Id*. at 9.

| | |
|---|---|
| Ground Five: | Firearm specification must be merged when the defendant's action[s] [are] out of the same transaction allied offense of similar import (sic).[50] |
| Ground Six: | The cumulative effect of the errors committed by the trial court and by Mr. Anderson['s] trial counsel, (sic).[51] |

## 2.    *The return of the writ*

The State filed a return of the writ[52] wherein, as noted, it argues that:  (1) all or part of grounds two and four are procedurally defaulted as not fairly presented to Ohio courts as federal constitutional claims;[53] (2) grounds four and five are state law sentencing claims not cognizable in a federal habeas matter;[54] (3) ground six, alleging the effect of cumulative errors, is non-cognizable;[55] and (4) the remaining grounds are without merit and should be denied because the state appeals court decision is not contrary to or an unreasonable application of clearly established federal law.[56]

---

[50] *Id*.

[51] *Id*.

[52] ECF # 10.

[53] *Id*. at 9-12.

[54] *Id*. at 27-29.

[55] *Id*. at 30.

[56] *Id*. at 14-26.

### 3.    *Traverse*

In his traverse, Anderson voluntarily dismissed grounds four, five, and six of his original petition, conceding that they are non-cognizable claims.[57] He further argues that his claim in ground two concerning prosecutorial misconduct was argued before the Ohio courts under the rubric set forth in an Ohio Supreme Court decision which, in turned, relied on decisions of the United States Supreme Court.[58] Finally, he maintains that all the remaining claims were improperly denied by the state courts.[59] Anderson also seeks an evidentiary hearing on the ineffective assistance of counsel claim of ground three, contending that, because he was not given the trial transcripts by his appellate counsel, he was not able to properly articulate this claim in his habeas petition.[60]

## Analysis

### A.    **Preliminary observations**

Before proceeding to an analysis of the petition, I make the following initial observations:

>    1.    There is no dispute that Anderson is currently in state custody as a result of his conviction by an Ohio court and was so incarcerated at the time he filed the present petition for federal habeas relief. Anderson

---

[57] ECF # 12 at 10.

[58] *Id.* at 5.

[59] *Id.* at 2-9.

[60] *Id.* at 9-10.

meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[61]

2.    There is also, as noted above, no dispute that, by filing on April 15, 2010, the petition is timely filed under the applicable statutory standard.[62]

3.    In addition, it appears, as will be more fully developed below, that all the claims presented have been totally exhausted in Ohio courts, as required by statute, by fair presentment to those courts through one full round of Ohio's established appeals process as federal constitutional claims.[63]

4.    Finally, as also noted previously, Anderson has requested an evidentiary hearing,[64] which would entail the appointment of counsel,[65] to develop his ineffective assistance of counsel claim.  As will be discussed in connection with the analysis of that claim, an evidentiary hearing should be denied because the aspects of the claim for which Anderson seeks a hearing are not properly before this Court.

## B.    Standards of review

### 1.    *Fair presentment/exhaustion/procedural default/waiver*

The standard of review outlined by 28 U.S.C. § 2254(d) applies by its own terms only to habeas claims that were "adjudicated on the merits in State court proceedings.[66]  When a federal habeas claim was fairly presented to but not adjudicated on the merits by the state

---

[61] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[62] 28 U.S.C. § 2254(d)(1); *Bronaugh*, 235 F.3d at 283-84.

[63] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[64] 28 U.S.C. § 2254(e)(2).

[65] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing § 2254 Cases.

[66] 28 U.S.C. § 2254 (d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

-12-

courts, the federal habeas court must evaluate that claim under the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[67]

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[68]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[69]

---

[67] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007).  In circumstances not applicable here, federal courts employ a modified version of AEDPA deference to the state court decision in cases where the state court did not squarely address the petitioner's claim as a federal Constitutional claim, but its analysis nevertheless bears "some similarity" to the requisite analysis set forth in clearly established federal law. *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

[68] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[69] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

    In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[70]

    If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation.[71]  In addition, procedural default may also be excused by a showing of actual innocence.[72]

    To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[73] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[74] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[75]

    Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim

---

    [70] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

    [71] *Deitz v.Money*, 391 F.3d 804, 808 (6th Cir. 2004).

    [72] *Id*.

    [73] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

    [74] *United States v. Frady*, 456 U.S. 152, 170 (1982).

    [75] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

-14-

against the petitioner on the merits.[76]  In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[77]

### 2.    *Ineffective assistance of counsel*

In *Higgins v. Renico*,[78] the Sixth Circuit re-stated the foundational rubric for reviewing claims of ineffective assistance of counsel pursuant to the long-standing teaching of *Strickland v. Washington*:[79]

> Under *Strickland*, a defendant must establish both that his counsel's performance was seriously deficient and also that he suffered prejudice as a result of such deficiency.[80]

The *Higgins* court then proceeded to discuss the applicable standards for evaluating each prong of the *Strickland* test.  It explained seriously deficient performance in the following terms:

> When complaining of his counsel's deficient performance, a convicted defendant must show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms."  A reviewing court must judge the reasonableness of counsel's actions on the facts of the defendant's case, viewed from counsel's perspective at the time, recognizing that "counsel is strongly presumed to have rendered adequate

---

[76] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[77] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[78] *Higgins v. Renico*, 470 F.3d 624 (6th Cir. 2006).

[79] *Strickland v. Washington*, 466 U.S. 668 (1984).

[80] *Higgins*, 470 F.3d at 631.

assistance and made all significant decisions in the exercise of reasonable professional judgment." In essence, a defendant has the burden of proving by a preponderance of the evidence, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

"Because advocacy is an art not a science, ... [counsel's] strategic choices must be respected" if they were made after a thorough investigation of the law and facts relevant to possible options." Such choices can vary greatly from attorney to attorney and from case to case, and reviewing courts must scrutinize these choices with a great deal of deference. Indeed, such strategic choices are virtually unchallengeable. As explained by the Supreme Court:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Thus, counsel cannot be adjudged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy."[81]

The clearly established federal law of establishing prejudice from deficient performance of counsel was stated by the *Higgins* court as follows:

---

[81] *Id.* at 631-32 (internal citations omitted).

Even where counsel's performance is deficient, a petitioner is not entitled to habeas relief unless he also demonstrates ensuing prejudice. In evaluating the prejudice suffered by a defendant as a result of his counsel's deficient performance, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings." Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Although the defendant need not prove that counsel's deficient conduct more likely than not affected the verdict, the defendant must show that "absent his counsel's error, the courts of appeal would have reasonable doubt with respect to his guilt." "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." In this vein, the court must determine whether "the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."

Whether an error actually prejudiced a defendant is weighed against the "totality of the evidence before the judge or jury." A verdict "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[82]

Moreover, it is well-settled that a federal habeas court may, as an initial inquiry, consider either the alleged deficiency itself or the claim of prejudice resulting from such deficiency since establishing both prongs is required to grant the writ.[83]

## 3.    *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly

---

[82] *Id.* at 633-34 (internal citations and parenthetical comments omitted).

[83] *Id.* at 631 n.3.

established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[84]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[85]  As stated by the United States Supreme Court in *Williams,* a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[86] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[87]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law

---

[84] 28 U.S.C. § 2254(d).

[85] *Williams v. Taylor*, 529 U.S. 362 (2000).

[86] *Id.* at 412.  *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[87] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

erroneously or incorrectly."[88]  Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[89]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[90]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[91]  Then, the federal court is to review the claim *de novo*.[92]

## C.    Application of standards

### 1.    *Anderson's claim in ground two that he was denied a fair trial because of prosecutorial misconduct was procedurally defaulted when any objection was waived at trial, thus precluding the Ohio appeals court from considering the claim on the merits.*

#### a.    *The claim and findings by the state appeals court*

The claim here – and in ground three's allegation of ineffective assistance – asserts that comments made by the prosecutor during voir dire and during cross-examination that Anderson's actions might be viewed as an attempted robbery were improper and denied

---

[88] *Williams*, 529 U.S. at 411.

[89] *Id*. at 409.

[90] *Id.* at 405-07.  *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[91] *Maples*, 340 F.3d at 436.

[92] *Id.*

Anderson a fair trial, and that Anderson's defense counsel was ineffective for not objecting to those comments.  In that regard, the state appeals court made three essential findings:

(1)     Anderson's own counsel did not object to the prosecutor's comment in voir dire that "[t]his case is about a felonious assault, kind of a robbery gone bad;" [93]

(2)     defense counsel also actually framed his case to the jury in his opening statement as one that could be viewed as an attempted robbery.  "[W]as somebody trying to rob somebody or take a vehicle or was somebody asking for assistance and just got reigned (sic) upon *** by two guys and two girls ***.  You're going to have to decide what happened here.  Was it a robbery or was this utter chaos and somebody got hurt and now we've got to maybe cover it up *** ;"[94]

(3)     thus, the extended remarks by Anderson's own counsel in the defense's opening statement concerning the possibility that Anderson's actions could be seen as an attempted robbery effectively acted as a waiver of any objection to the prosecution's earlier reference.[95]

*b.     The arguments*

Based on these findings by the Ohio appeals court, the State here contends that Anderson procedurally defaulted his federal habeas prosecutorial misconduct claim because he did not contemporaneously object to the prosecutor's introduction of robbery in the voir dire, thus depriving the state court of the opportunity to consider that claim on the merits.[96]

Anderson, in his traverse, makes two responsive arguments.  First, he asserts that defense counsel did offer an objection to the prosecution's comments about robbery, citing

---

[93] ECF # 10, Attachment at 96.

[94] *Id.* at 97.

[95] *Id*.

[96] ECF # 10 at 10.

-20-

an objection made later in the trial when the prosecutor asked Anderson on cross-examination whether it was true that he went behind the bar because "you figured you could rob someone."[97]  Second, Anderson maintains that, if his counsel should have objected at the time of the voir dire, the failure to make that objection was ineffective assistance of counsel, as alleged in the third ground for relief.[98]  In particular, he argues that, because he was represented by three different public defenders, "how would the other two (2) know what each other did or should have done?"[99]

*c.    Analysis*

In now addressing the claim, I make several initial observations.  First, as stated earlier,  the state appeal's court found that Anderson's own counsel adopted the idea that this case could be seen as an attempted robbery in his own opening statement.  Finally, my own review of the trial transcript indicates that the prosecution's voir dire comment and the defense's opening statement occurred on the same day when Anderson was represented by the same public defender, Mark Carfolo.[100]

Moreover, my own review of the trial transcript indicates that Anderson was represented by attorney Carfolo – and only attorney Carfolo – on each of the two days of

---

[97] ECF # 12 at 5, citing ECF # 10, Attachment at 96.

[98] *Id*. at 6-7.

[99] *Id*. at 6.

[100] *See*, ECF # 9, Attachment 1 (trial transcript Vol. I – transcript for proceedings conducted October 30, 2007).

trial.[101]  As observed earlier, Anderson was represented by different counsel at his sentencing

hearing and on his appeal.  Accordingly, I further note that whatever merit may exist in

Anderson's complaint about the difficulty of having representation by different attorneys at

different phases of his case, the fact is that such form of representation had no effect on the

claim at issue.

From the above analysis, I recommend several further preliminary findings.  First, I

recommend finding that it is not fully correct to claim, as the State does here, that the

procedural default occurred by reason of defense counsel's failure to make a timely

contemporaneous objection to the prosecutor's robbery remark.[102]  A review of the appeals

court opinion reveals that the court found, as noted earlier, that any claim of prosecutorial

misconduct regarding the reference to a robbery was essentially waived by estoppel when,

following the prosecutor's use of that concept during voir dire, "the idea of a robbery was

mentioned by Anderson's counsel" during his opening statement.[103]

Ohio law is clear that while waiver is usually established by showing the voluntary

relinquishment of a known right, it may also be established when the acts or conduct of a

party are inconsistent with the intent to claim a right.[104]  As the court in *National City Bank*

---

[101] *Id.* at Attachments 1 and 2 (transcript of proceedings of October 30, 2007 and
October 31, 2007).

[102] ECF # 10 at 10.

[103] ECF # 10, Attachment at 97.

[104] *National City Bank v. Rini*, 162 Ohio App. 3d 662, 668, 834 N.E.2d 836, 840 (Ohio
Ct. App. 2005) (citations omitted).

*v. Rini* stated, such "[w]aiver by estoppel allows a party's inconsistent conduct, rather than a party's intent, to establish a waiver of rights."[105]

So understood, the state appeals court's invocation of Anderson's waiver by estoppel as the basis for not proceeding to further analyze his claim of prosecutorial misconduct on the merits must, in turn, be examined here under the so-called *Maupin* factors governing procedural default.

First, as noted, the state court found that the prosecutorial misconduct claim was waived when defense counsel also made comments permitting the jury to analyze the case as potentially involving a failed robbery.  As set forth above, by himself adopting an inconsistent position to any later claim that the prosecutor's reference was misconduct, Anderson, under Ohio law, waived such claim by estoppel.  Thus, I recommend finding that the first *Maupin* factor is met.

Next, as noted, the court of appeals specifically cited the waiver by estoppel in its decision and failed to further consider the merits of Anderson's claim.  Therefore, I further recommend finding that the second prong of the *Maupin* analysis has been satisfied.

Third, I recommend finding that Ohio's rule of not considering waived claims on appeal is an adequate and independent state law ground for foreclosing habeas relief.[106]

As to the fourth and final *Maupin* test – whether Anderson can show cause for waiving this claim and establish that he was actually prejudiced by the alleged constitutional

---

[105] *Id.*

[106] *See*, *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006).

error – Anderson asserts that the waiver occurred because his trial counsel was constitutionally deficient.  I note that this argument is also the foundation of the third ground for relief here.  In that regard, it is well-established that constitutionally ineffective assistance of counsel – if such a claim has already been exhausted in state court – can excuse a procedural default.[107]

Essentially, in this case Anderson contends that defense counsel should not have permitted the prosecutor to make comments permitting the jury to think about Anderson's actions as a botched robbery.  Employing the well-known *Strickland* standard,[108] the appeals court found that Anderson was not prejudiced by the prosecution's statements along these lines.[109]  Referring back to its analysis of a prior assignment of error, the state court found that, because Aimee Ross had offered her direct testimony that Anderson had put a gun against her chest while saying "give me a ride or die," which statement was supported by other evidence at trial, such as Anderson's loaded gun found at the scene, "there is not a reasonable probability that Anderson's trial would have had a different outcome but for the comments" by the prosecutor.[110]  As such, the lack of prejudice from such a comment would defeat a finding of ineffective assistance of counsel and so also preclude a finding of cause to excuse the procedural default.

---

[107] *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

[108] *Strickland v. Washington*, 466 U.S. 668.

[109] ECF # 10, Attachment at 99.

[110] *Id*.

Moreover, it is clear that Anderson's counsel chose a strategy of acknowledging that Anderson's actions of innocently seeking assistance for his car from a stranger could have been misunderstood in the dark parking lot as something more sinister, such as a robbery attempt, particularly after the fact that Anderson had been injured as a result of the chaos and panic flowing from the initial misunderstanding.  Thus, defense counsel, in the opening statement, invited the jury to decide for themselves what happened, raising the defense theory that when "chaos" ensued in the parking lot over the group's misunderstanding of Anderson's true intent and Anderson was seriously injured, the group decided to cover their mistake by accusing Anderson of making threats.  Such a strategy, particularly in light of the testimony of the victim, should be seen as within the range of reasonable trial options under the first prong of *Strickland* test and so also defeat a finding of ineffective assistance.

In sum,  I recommend finding that, because the state court did not unreasonably apply *Strickland* in concluding that there was no constitutionally ineffective assistance of counsel in this matter, Anderson has not established cause for excusing his waiver of any objection to the prosecutor's comments.  As such, I finally recommend finding that the State's position that ground two is well-taken and that this ground be dismissed here as procedurally defaulted.

**2.    *Anderson's claim in ground one – that his conviction for felonious assault was not supported by sufficient evidence – should be denied because the state appeals court denying this claim was not an unreasonable application of the clearly established federal law of Jackson v. Virginia.*[111]**

As the Supreme Court stated in *Jackson v. Virginia*, in considering claims of evidentiary insufficiency, the federal habeas court must ask, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime to be proved beyond a reasonable doubt.[112]  This standard does not permit the federal court to re-weigh the evidence nor to function as an additional state appeals court.[113]

Here, the state appeals court set forth the crime of felonious assault as defined in Ohio law and analyzed the evidence presented under *State v. Jenks*,[114] an Ohio case incorporating the federal *Jackson* standard.  The court noted that Anderson had claimed that there was no evidence that he had caused or attempted to cause physical harm to Aimee Ross or to Daniel Molnar as required by the statute.[115]

---

[111] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[112] *Id.* at 324.

[113] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993) (citations omitted).

[114] *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 at ¶ 2 of the syllabus (1991) (superseded on other grounds by Constitutional Amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997)).  This paragraph of the syllabus explicitly cites *Jackson* and indicates that its standard for determining sufficiency of the evidence is followed in Ohio.

[115] ECF # 10, Attachment at 94.

-26-

In that regard, the court observed that the direct testimony of Ross was that Anderson had placed a gun against her chest accompanied by a threat to "give me a ride or you die."[116] The gun was found to be fully loaded and operational at that time.[117]  The court found that in Ohio law the act of pointing a deadly weapon at another coupled with a threat to use that weapon is sufficient to support conviction for felonious assault.[118]  Thus, they concluded, there was sufficient evidence at trial, specifically the testimony of Aimee Ross, that, considered in the light most favorable to the State, was sufficient to support convicting Anderson of felonious assault against Ross.[119]

As to the count of felonious assault concerning Molnar, the Ohio appeals court noted that Anderson admitted to firing his gun at Molnar, claiming it was in self-defense when Molnar drove his vehicle at Anderson.[120]  The court observed that, under Ohio law, self-defense is irrelevant within the context of a sufficiency of the evidence argument, since proof supporting an affirmative defense cannot detract from proof that the underlying act itself was committed.[121]  Therefore, the court found, the State submitted sufficient proof to

---

[116] *Id.*

[117] *Id.*

[118] *Id.* at 94-95.

[119] *Id.*

[120] *Id.* at 95.

[121] *Id.*

convict Anderson of feloniously assaulting Molnar when Anderson admitted to firing his gun at Molnar.[122]

Anderson's entire argument in his traverse is that Aimee Ross's testimony should not be believed.[123]  In particular, he claims that her recollection that Anderson told her "give me a ride or you die" is "a statement that belies reason" given what Anderson contends are facts that make such a remark unlikely.[124]  Therefore, he maintains, since only Ross's testimony exists as proof of felonious assault against her, and since she had no basis for testifying in that manner, this Court should conclude that there was not sufficient evidence to convict him of felonious assault against Ross.[125]

In fact, as stated above, it is manifestly not the province of the federal habeas court to independently judge the credibility of witnesses in evaluating an insufficiency of the evidence claim.  That duty belongs solely to the jury.  Here, the jury found Ross credible in her testimony about Anderson putting a gun against her chest and making a threat of death if she did not comply with his demand, and the Ohio appeals court then found that with this evidence the State had presented sufficient evidence to convict Anderson of felonious assault against Ross.  Accordingly, I recommend finding that this ground for relief be denied, since the state court decision denying this claim was not an unreasonable application of *Jackson*.

---

[122] *Id.*

[123] ECF # 12 at 4.

[124] *Id.*

[125] *Id.*

3.   *Anderson's claim in ground three that his defense counsel was constitutionally ineffective should here be denied since the Ohio court decision adjudicating this claim was not an unreasonable application of Strickland.*

Although much of the discussion concerning this claim has been presented earlier as part of the procedural default analysis of ground two, I restate that the Ohio appeals court reviewed the ineffective assistance claim in light of the clearly established federal law of *Strickland* and concluded that, even if it was deficient performance to have permitted the prosecution to raise the concept of robbery gone bad to the jury, given the evidence of felonious assault against Anderson, there was no prejudice from waiving objection to the prosecutor's remarks.

I further restate that, as to the performance prong of *Strickland*, it seems clear that defense counsel was within the scope of permissible trial strategy, given the expected testimony against Ross, to try to fit that testimony into an alternative defense narrative that acknowledged the possibility that Anderson's actions could be viewed as a robbery attempt, but could also be viewed more benignly under the defense version of events.  Such an effort to neutralize damaging testimony by recasting it in a more favorable light is a standard defense strategy.  This is true particularly, as here, when there is compelling direct testimony against the defendant by a victim that counsel believes is better to attempt to reshape than to simply ignore.

Thus, I recommend finding first the state court did not unreasonably apply *Strickland* in this case in concluding that there was no prejudice to Anderson by permitting the prosecution's comments to go uncontested.

In addition to the above claim that defense counsel should have objected to the prosecutor's robbery comment – a claim that was presented to the Ohio appeals court and denied – Anderson here attempts to raise additional issues of claimed ineffective assistance of counsel.  First, he contends that his trial counsel should have investigated his case prior to trial.[126]  Moreover, he argues that trial counsel did not properly explain a plea deal.[127]  Finally, he asserts that his appellate counsel did not return copies of the trial transcript, thereby compromising Anderson's ability to prepare this habeas petition.[128]  In addition, Anderson, as noted previously, complains that there were three different public defenders assigned to his case, one, he says, for each day of the trial.[129]

As to the final argument regarding three attorneys, I note again that my own review of the transcript discloses that Anderson's trial occurred over two days, not three, and that Anderson was represented by the same counsel on both days.  As also noted earlier, Anderson was represented by a second, different public defender at his sentencing hearing, and by a third attorney for his appeal.  I found no support in the transcripts for the assertion that Anderson was represented by multiple counsel during the course of trial.

That said, Anderson has not raised any of these additional grounds for ineffective assistance of counsel in the Ohio courts.  His sole claim there, as outlined above, involved

---

[126] ECF # 12 at 9.

[127] *Id*. at 9-10.

[128] *Id*. at 10.

[129] *Id.*

defense counsel's alleged error in not objecting to the prosecutor's robbery reference.  As such, Anderson has not exhausted these additional claims in the Ohio courts.[130]  However, because all but the claim against appellate counsel would now be barred by *res judicata* from being asserted in an Ohio court,[131] the claims would be procedurally defaulted if Anderson were to seek adjudication on the merits by a new Ohio court.  Thus, these claims are not properly before this Court.

As to the assertion that Anderson's appellate counsel may have been ineffective because he did not release transcripts to Anderson, I note that this claim, too, has not been raised before the Ohio courts.  However, unlike the prior new claims of ineffective assistance, Anderson still retains the Ohio remedy of filing a motion to re-open his appeal and present the claim against his appellate lawyer.[132]  Therefore, with a state remedy still available, this claim, if it were included in this petition, could potentially subject this petition to a dismissal as unexhausted.[133]

---

[130] *O'Sullivan*, 526 U.S. at 842 (exhaustion requires that a petitioner fairly present his claim to the highest court of the state where petitioner was convicted); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (both the factual and legal basis for a claim must be presented to the state courts to constitute fair presentment).

[131] When appeals counsel is different from trial counsel, Ohio's *res judicata* rule requires that the appellate counsel raise all instances of ineffective assistance of trial counsel that can be adjudicated from the record at that first appeal since later attempts to raise such matters will be barred.  *Landrum v. Mitchell*, 625 F.3d 905, 920 (6th Cir. 2010) (citation omitted).

[132] *See*, Ohio App. Rule 26(B).

[133] *See*, *Rhines*, 544 U.S. at 274 ("AEDPA preserved [the] total exhaustion requirement"); *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) ("a federal court cannot grant habeas relief if there is a state remedy available").

-31-

In such circumstances, particularly when, as here, Anderson did not seek leave to amend his petition but, rather, sought to append new claims solely through his traverse, the better course is for the court to ignore newly-presented claims not submitted in an amendment on the grounds that they were never properly a part of the petition.[134]

Moreover, since Anderson's request for an evidentiary hearing relates to these claims that were not properly submitted, his request for an evidentiary hearing is denied.

## Conclusion

For the foregoing reasons, I recommend that the petition of Clarence Robert Anderson for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed in part and denied in part, as more fully detailed above.

Dated:   March 29, 2011                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[135]

---

[134] *See*, *U.S. v. Stevens*, 2005 WL 1875666, at *1 (W.D. Wisc. Aug. 5, 2005).

[135] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).