**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CLARENCE ROBERT ANDERSON,** ) | **CASE NO.  5:10 CV 785** |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **FRANCISCO PINEDA,** ) | **Magistrate Judge William H. Baughman, Jr.** |
| ) | |
| **Respondent.** ) | <u>**MEMORANDUM OPINION**</u> |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge William H. Baughman, Jr. (Docket #13).  The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254 (Docket #1) be dismissed in part and denied in part.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

**Facts**

**A. Underlying offense, trial, and sentence**

The basic underlying facts as found by the Ohio appeals court on its review of the record describe a chaotic event but are nonetheless relatively straightforward.  Essentially, multiple witnesses testified that Anderson approached a small group

that had congregated behind a Streetsboro, Ohio, bar in the early morning hours after closing time to ask for a ride.  After being refused by Daniel Molnar, a member of the group, Anderson came up to Aimee Ross, who was also part of the group, as she was entering her car.  Anderson put a gun to her chest and said, "Give me a ride or you die."Ross also refused to provide a ride, but jumped into her car and yelled to the others that Anderson had a gun.

Hearing this, Molnar, now already in his car, drove it toward Anderson, who was standing alongside Ross's vehicle, in an attempt to hit him.  Anderson, in response, fired two shots at Molnar's oncoming car, with one bullet hitting the windshield.  Molnar's car hit Ross's car, but did not strike Anderson.  However, as he was attempting to run away, Anderson, who is overweight and on disability, was struck by a car driven by yet another member of the group who had seen the shooting and backed his car into Anderson.  Injured as result of being struck by the car, Anderson crawled into a nearby grassy area where he hid until discovered by police.

Anderson was indicted on two counts of felonious assault, with a firearm specification as to each count.  Anderson pleaded not guilty to all charges.  The case proceeded to a jury trial, and the jury found Anderson guilty on all counts.  At a sentencing hearing on December 5, 2007, the trial judge sentenced Anderson to a total of 20 years in prison, which sentence consisted of consecutive terms of seven years each for the two counts of felonious assault, together with consecutive sentences of three years each for the two firearms specifications.

**B. Direct appeal**

*1. The court of appeals*

Anderson, through different counsel, then timely appealed his conviction and sentence. In his brief, Anderson raised the following seven assignments of error:

1. The trial court erred on failing to grant Mr. Anderson's motion for judgment of acquittal on all charges, as the evidence presented was not legally sufficient to support a conviction.

2. The prosecution in this matter engaged in a pervasive pattern of misconduct thoughout (sic) the proceedings which combined to deprive the appellant of his right to a fair trial.

3. Mr. Anderson was denied his Consstitutional (sic) right as guaranteed by the United States and Ohio constitutions to effective assistance of counsel when his attorney failed to protect Mr. Anderson's rights at trial when Mr.

>
> Anderson's trial counsel failed to object to prosecutorial statements concerning crimes with which Mr. Anderson had not been charged.
>
> 4. Mr. Anderson's convictions are against the manifest weight of the evidence.
>
> 5. The trial court erred to the detriment of Mr. Anderson when it imposed sentence upon him without any review or consideration of R.C. 2929.11 and 2929.12.
>
> 6. The trial court erred to the detriment of Mr. Anderson when it failed to merge the firearm specifications for the purpose of sentencing.
>
> 7. The cumulative effect of the errors committed by the trial court and by Mr. Anderson's trial counsel combined to deny Mr. Anderson due process and a fair trial as guaranteed by the United States and Ohio constitutions.

The State filed a brief in response. On December 8, 2008, the Ohio appeals court found all of Anderson's assignments of error without merit, thereby affirming the conviction and sentence.

### *2. The Supreme Court of Ohio*

Anderson, through the same counsel he had on appeal, then timely filed a notice of appeal with the Supreme Court of Ohio. In his memorandum in support of jurisdiction, Anderson raised six propositions of law:

> 1. A person cannot be convicted of "Felonious Assault" pursuant to R.C. 2903.11(A)(2) when he has not knowingly caused or attempted to cause physical harm to another by means of a deadly weapon or ordnance.
>
> 2. It is an improper violation of Defendant's right to a fair trial for a prosecutor to repeatedly refer to allegations of crimes with which the Defendant has not been charged, painting the Defendant as a "serious, hardened criminal."
>
> 3. A defendant in a criminal matter is entitled to competent, effective legal representation.
>
> 4. A trial court is required to review and consider R.C. 2929.11 and 2929.12 in imposing sentence.
>
> 5. Firearm specifications must be merged when the Defendant's actions arise out of the same transaction.

>   6. The cumulative effect of the errors committed by the Trial Court and by Clarence Anderson's trial counsel combined to deny Mr. Anderson due process and a fair trial as guaranteed by the United States and Ohio Constitutions.

The State filed a memorandum opposing jurisdiction. On April 22, 2009, the Ohio Supreme Court denied Anderson leave to appeal, dismissing the case for want of any substantial constitutional question. Anderson did not seek a writ of certiorari from the Supreme Court of the United States.

**C. Federal habeas petition**

*1. The petition*

Anderson, *pro se*, then timely filed the present petition for federal habeas relief raising six grounds for relief:

> Ground One: Anderson was denied due process under the 14th amendment, and Judgement (sic) of Aquital (sic).
>
> Ground Two: Anderson denied (sic) fair trial based on prosecutional (sic) misconduct in violation of 14th Amand. (sic) U.S. Constitution.
>
> Ground Three: A Defendant in a criminal matter is entitled to competent effective legal respresentation (sic).
>
> Ground Four: Mr. Anderson's sentence of 20-years (sic) is unconstitutional under OHIO (sic) constitution and U.S. constitution.
>
> Ground Five: Firearm specification must be merged when the defendant's action[s] [are] out of the same transaction allied offense of similar import (sic).
>
> Ground Six: The cumulative effect of the errors committed by the trial court and by Mr. Anderson['s] trial counsel, (sic).

*2. The return of the writ*

The State filed a return of the writ wherein, as noted, it argues that: (1) all or part of grounds two and four are procedurally defaulted as not fairly presented to Ohio courts as federal constitutional claims; (2) grounds four and five are state law sentencing claims not cognizable in a federal habeas matter; (3) ground six, alleging the effect of cumulative errors, is non-cognizable; and (4) the remaining

-4-

grounds are without merit and should be denied because the state appeals court decision is not contrary to or an unreasonable application of clearly established federal law.

### *3. Traverse*

In his traverse, Anderson voluntarily dismissed grounds four, five, and six of his original petition, conceding that they are non-cognizable claims.  He further argues that his claim in ground two concerning prosecutorial misconduct was argued before the Ohio courts under the rubric set forth in an Ohio Supreme Court decision which, in turned, relied on decisions of the United States Supreme Court.  Finally, he maintains that all the remaining claims were improperly denied by the state courts. Anderson also seeks an evidentiary hearing on the ineffective assistance of counsel claim of ground three, contending that, because he was not given the trial transcripts by his appellate counsel, he was not able to properly articulate this claim in his habeas petition.

On December 2, 2010, Magistrate Judge Baughman issued his Report and Recommendation, recommending that the Petition for Writ of Habeas Corpus filed by Petitioner pursuant to 28 U.S.C. § 2254 be dismissed in part and denied in part.  No objections to the Report and Recommendation were filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made.  The Advisory Committee on Civil Rules commented on a district

-5-

court's review of *unopposed* reports by magistrate judges.  In regard to subsection (b) of Rule 72, the advisory committee stated:  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

The Magistrate Judge thoroughly analyzed each claim for relief presented by Petitioner in this case, as well as the arguments raised by Respondent and the applicable statutory and case law.  After a careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

The Report and Recommendation (Docket #13) is ADOPTED in its entirety.  The Petition is DISMISSED IN PART AND DENIED IN PART, as recommended by the Magistrate Judge.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention

>complained of arises out of process issued by a State court; or
>
>(B) the final order in a proceeding under section 2255.
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a

reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further.  Further, to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong.  Accordingly, the Court declines to issue a certificate of appealability.

       IT IS SO ORDERED.

                                                s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

       DATED: April 26, 2011